# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD DAVID MORROW,

    Plaintiff,

vs.

HOWARD SKOLNICK, et al.,

    Defendants.

Case No. 3:08-CV-00257-ECR-(VPC)

**ORDER**

        Defendants removed this action from the Sixth Judicial District Court of the State of Nevada, Pershing County. Before the Court is Respondents' Motion for Screening (#2). Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir.

1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff only raises state-law tort claims, and he does not raise any claims pursuant to 42 U.S.C. § 1983 that Defendants acted under color of state law to violate his federal constitutional rights. At page 1 of the Complaint, Plaintiff writes:

> Disclaimer
>
> This action does not implicate a federal question whatsoever and is not a federal suit. This case is a simple civil suit/complaint/tort coming under state law and those provisions only.
>
> This case is brought by a pro per inmate untrained in the law and who seeks relief through Nevada courts and within state statutes.

Consequently, the Court does not have subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1343, and thus the Court does not have supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. The Court will remand this action to state court.

IT IS THEREFORE ORDERED that Defendants' Motion for Screening (#2) is **GRANTED**.

IT IS FURTHER ORDERED that this action is **REMANDED** to the Sixth Judicial District Court of the State of Nevada. The Clerk of the Court shall mail a certified copy of this Order to the clerk of the Sixth Judicial District Court.

IT IS FURTHER ORDERED that the Court need not take further action upon Plaintiff's Motion for Summary Judgment (#10), Defendants' Motion for Enlargement of Time (#11), and Defendants' Motion to Continue or Deny Plaintiff's Motion for Summary Judgment (#12).

IT IS FURTHER ORDERED that the Clerk of the Court shall administratively close this action.

DATED: June 30, 2008

_Edward C. Reed_
EDWARD C. REED
United States District Judge